IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MELVIN WIAND <br> (BOP Register No. 37221-177), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:16-cv-1118-L |
| BARACK OBAMA, ET AL., | § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

In this *pro se* civil rights action, initially referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference, Plaintiff Melvin Wiand, a frequent federal-court litigant, who is serving a 132-month federal sentence for receipt of child pornography, sued then-President Barack Obama; Scott S. Harris, the Clerk of the United States Supreme Court; and three individual employees alleged to work in the Supreme Court Clerk's Office. *See* Dkt. No. 3. The Court granted Wiand's motion for leave to proceed *in forma pauperis* ("IFP") pursuant to the provisions of the Prison Litigation Reform Act of 1996 (the "PLRA") on April 26, 2016. *See* Dkt. Nos. 4 & 5. And, the next day, the undersigned recommended the summary dismissal of this action under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. *See* Dkt. No. 6.

Presumably in response to that recommendation, Wiand moved to voluntarily

dismiss this action on May 12, 2016, *see* Dkt. No. 7, and the Court, construing that request as a filing under Federal Rule of Civil Procedure 41(a)(1)(A)(i), dismissed this action without prejudice on May 13, 2016, *see* Dkt. No. 8.

Wiand now moves to be excused from the filing fee imposed under the PLRA. *See* Dkt. No. 10; *see, e.g., id.* at 2-3 ("Since [the Court] dismissed [this action] without prejudice I am asking you to grant an order to dismiss the $346.00 fee and inform the prison to not take any more funds out of my trust fund account. The initial partial filing fee of $4.00, I agree, should be paid because I did in fact file a motion with the court. Since this case never went before the court in litigation and I was granted a dismissal of the case, appropriately this $346.00 should be waived.").

United States District Judge Sam A. Lindsay has referred the motion to the undersigned for hearing, if necessary, and for the submission of proposed findings and recommendations for disposition of the motion. *See* Dkt. No. 11.

The undersigned now issues the following findings of fact, conclusions of law, and recommendation that, for the reasons stated below, the Court should deny Wiand's motion.

"A prisoner proceeding IFP in the district court is obligated to pay the full filing fee upon the filing of a complaint. [28 U.S.C.] § 1915(b)(1). No relief from an order directing payment of the filing fee should be granted for a voluntary dismissal." *Hatchet v. Nettles*, 201 F.3d 651, 654 (5th Cir. 2000) (per curiam) (citing *Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir.1997)); *see, e.g., Bays v. United States*, No. 3:15-cv-1824-B-BN, 2015 WL

4930913 (N.D. Tex. Aug. 18, 2015); *Howard v. Chief U.S. Marshal*, No. 3:16-cv-2806-D-BN, 2017 WL 979065 (N.D. Tex. Feb. 22, 2017), *rec. adopted,* 2017 WL 976992 (N.D. Tex. Mar. 13, 2017); *see also Leaston v. UMASS Corr. Health Care*, Civ. A. No. 14-12785-GAO, 2015 WL 4249127, at *2 (D. Mass. July 14, 2015) ("The PLRA has 'change[d] the meaning of *in forma pauperis*' for prisoners. *Wooten v. District of Columbia Metro. Police Dep't*, 129 F.3d 206, 207 (D.C. Cir. 1997). Pursuant to the PLRA, the only issue for a court presented with a prisoner complaint is whether the filing fee must be paid 'up-front' or whether the fee may be paid in installments through the inmate's prison account. *McGore*, 114 F.3d at 604. 'Even a voluntary dismissal of a complaint or an appeal does not eliminate a prisoner's obligation to pay the required filing fees. Section 1915(b)(1) compels the payment of the respective fees at the moment the complaint or notice of appeal is filed.' *Id.* at 607." (internal citation modified)).

**Recommendation**

The Court should deny Wiand's motion requesting that he be relieved from the full-filing-fee obligation imposed by the PLRA [Dkt. No. 10].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 12, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE